FORD PILCHER, Respondent, v. EDWARD S. BRAYTON, Appellant.

*Debts due from a company to its laborers — what an assignment thereof — right of the assignee to sue a stockholder under section 18 of chapter 40 of 1848.*

A manufacturing corporation, created under the act of 1848, being indebted to one of its laborers for services rendered, the latter drew a bill of exchange for the amount thereof in favor of the plaintiff, which was presented to and accepted by the company.

*Held,* that this operated as an assignment to the plaintiff of the debt due to the laborer, and that the plaintiff could maintain an action to recover the amount thereof from a stockholder of the company, under section 18 of chapter 40 of 1848.

*Oneida Bank* v. *Ontario Bank* (21 N. Y., 490), followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*J. R. Swan, Jr.,* for the appellant.

*E. J. Ball,* for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment entered at the Oneida Circuit, on a trial by the court without a jury in a common law action.

The action is brought against the defendant as a stockholder of "The Utica Steam Engine Company," a manufacturing corporation created under the act of February 17, 1848 (chap. 40), and the several acts amendatory thereof. The action is brought under section 18 of the original act, which provides as follows :

" § 18. The stockholders of any company organized under the provisions of this act shall be jointly and severally individually liable for all debts that may be due and owing to all their laborers, servants and apprentices for services performed for such corporation."

It is further provided, in section 24 of said act, that no stockholder shall be personally liable for any debt contracted by

such company, unless a suit for the collection of such debt shall be brought against such company within one year from the time such debt is contracted.

One Abram Lafferty was employed as a laborer in the shops of said engine company during the months of January and February, 1876, whereby the said company became indebted to said Lafferty in the sum of fifty dollars, which was due from said company on the 5th day of February, 1876, and on that day Lafferty drew a draft in the form of an ordinary inland bill of exchange on said company, payable to the order of the plaintiff for the said fifty dollars, thereby directing the said company to charge the said sum to the account of him said Lafferty, and indorsed and delivered the same to the plaintiff. The said bill was duly accepted by the said steam engine company. The consideration upon which the said bill was drawn and accepted was the amount due as aforesaid to Lafferty for his said services as a laborer for the said company.

On the 4th day of August, 1876, the plaintiff brought an action against the said company and Lafferty, on the said bill, in the Supreme Court, and recovered judgment thereon against both defendants for the amount of said bill, with interest and costs ; on which judgment, execution was duly issued and was returned unsatisfied before the commencement of this suit. The justice before whom this action was tried reported, as a conclusion of law, "that the complainant is the assignee of the demand set out in the complaint, and has the rights of the assignor in virtue of such assignment," and ordered a judgment for the plaintiff for the amount of the bill, with interest. These conclusions of law were excepted to by the defendant, who now appeals from the said judgment to this court.

It is held that the claim of a laborer for such a corporation is assignable, and that when duly assigned, the assignee takes the same with all the *rights and remedies* secured to the laborer by the statute referred to. (*Kincaid* v. *Dwinelle*, 59 N. Y., 548; *Bonnell* v. *Wheeler*, 1 Hun, 332.) The precise question as to the assignability of such a demand, carrying with it the rights and remedies given by the statute, has also been decided in this department. (*Krauser* v. *Murdock*, General Term, 4th dep., MS.)

According to the ruling of the Court of Appeals in the case of the *Oneida Bank* v. *The Ontario Bank* (21 N. Y., 490) it seems to follow, that the payee of a bill of exchange drawn on account of a debt due for such services as are mentioned in section 18 of the act in question takes not only the *bill itself*, but the *original consideration* upon which the same was founded, with all the rights and remedies which could have been enforced by the drawer of such bill for the purpose of recovering and collecting the original consideration. The case last cited was twice argued in the Court of Appeals, and the opinion delivered by Comstock, J. was acquiesced in by the whole court except Denio, J., who dissented, but without delivering any opinion. In the opinion of Comstock it is said, at page 497 : "The next question, therefore, is whether the right of action to recover the money still remains in Perry, or whether he transferred it to the plaintiff. In either case the suit, if not maintainable on the drafts, would have to be brought in Perry's name, according to the principles of the common law, but, under our Code of pleadings and practice, it must be brought in the name of the real party in interest. If, therefore, the dealing between Perry and the plaintiff had the effect to assign his claim, the plaintiff has the same right to maintain an action which Perry had before the dealing took place. * * * Upon the most careful consideration I cannot bring my mind to entertain any serious doubt upon the proposition. If the drafts had been valid instruments, most clearly Perry's transfer of them would have left in him no pretence of any claim against the defendant's bank for the money loaned, on which they were based. * * * He who sells a security and receives his pay for it necessarily sells whatever claim or right the security is understood by the parties to represent."

On the authority of this case, therefore, we conclude that Lafferty, by the drawing of the bill of exchange and passing it to the plaintiff for value, thereby transferred, not only the right to the money specified in it; but the original consideration upon which the bill was drawn and accepted, by the drawing and negotiation of the bill, passed to the payee, together with all the rights and remedies which appertain thereto.

The judgment should be affirmed.

SMITH, J., concurred; HARDIN, J., not sitting.

Judgment affirmed.